1

JONATHAN D. PARENTE (*pro hac vice* forthcoming)
jonathan.parente@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone:   (404) 881-7000
Facsimile:   (404) 881-7777

KATHY J. HUANG (SBN 240677)
kathy.huang@alston.com
ALSTON & BIRD LLP
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone:   (213) 576-1000
Facsimile:   (213) 576-1100

Attorney for Defendant
COLLECTORS UNIVERSE, INC. d/b/a PCGS

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

14

15

16

17

18

19

20

| | |
|---|---|
| JOHN LEWIS,<br><br>                    Plaintiff,<br><br>        v.<br><br>COLLECTORS UNIVERSE, INC. d/b/a<br>PCGS and DOES 1-10,<br><br>                    Defendants. | Case No. **8:23-cv-00661-JWH-JDE**<br><br>Assigned to Hon. John W. Holcomb<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COLLECTORS UNIVERSE, INC. d/b/a PCGS'S MOTION TO DISMISS**<br><br>Hearing Date: March 29, 2024<br>Time: 9:00 am<br>Courtroom: 9D |

21

22

23

24

25

26

27

28

This case should be stopped before it starts. Collectors Universe, Inc. d/b/a Professional Coin Grading Service ("PCGS") provides a leading authentication and grading service for rare and collectible coins. In this lawsuit, Plaintiff John Lewis, proceeding pro se, claims that PCGS "defrauded" him by swapping out the coins he sent to PCGS for grading with coins of "no value." But beyond these skeletal claims, there are zero supporting facts—and no allegations with particularity—that could ever support a cause of action for fraud. Presumably, those facts have not been included because they simply do not exist. In any case, Plaintiff fails to even assert the requisite elements for a fraud claim. Given these circumstances, Plaintiff has failed to state a claim, and the Court should dismiss the Complaint in its entirety.

## **BACKGROUND**

Collectors Universe operates a business division known as PCGS, which offers coin authentication and grading services. *See* Doc. 1 ("Compl.") at 2, 5. In or around August 2022, Plaintiff allegedly "sent a set of original uncirculated coins with a face value of $250,000 for them to be appraised and grade[d]." *Id.* at 5. According to the Complaint, however, PCGS sent back "circulated coins with no value." *Id.* In addition, Plaintiff alleges that—after the fact—PCGS "never picked up Plaintiff['s] calls" and "refused to provide [him] with the Bond information." *Id.* at 5-6.

Based solely on these allegations, Plaintiff now asserts that PCGS "has defrauded this Plaintiff intending to replace coins of said value for a package of non valuable coins sent in return." *Id.* at 5. Although he has not clearly identified the cause of action at issue, as far as PCGS can discern, Plaintiff asserts only a claim for fraud. Specifically, in the "Cause of Action" section of the Civil Cover Sheet, Plaintiff states that PCGS "defrauded Plaintiff by illegal[ly] replacing coins sent to them for grading." Doc. 1-1 at 1. On that same Civil Cover Sheet, for the "Nature of Suit," Plaintiff checks only the box for "Other Fraud." *Id.* The sparse allegations elsewhere in the Complaint likewise refer only to fraud. *See* Compl. at 5 ("[PCGS] has defrauded this Plaintiff[.]"). And in terms of his requested relief, Plaintiff seeks "the face value

of [his] coins $250,000 plus punitive damages," adding in conclusory fashion—and without support—that this is allegedly "a usual practice" of PCGS and that there are purportedly "[m]any victims of the same fraudulent scheme." *Id.* at 6.

## **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Allegations that are "no more than conclusions[] are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

In addition, Federal Rule of Civil Procedure 9(b) "imposes a heightened pleading standard where a complaint alleges fraud or mistake." *Franco v. Ford Motor Co.*, 644 F. Supp. 3d 672, 679 (C.D. Cal. 2022). "To state a claim for fraud, a party must plead with 'particularity the circumstances constituting the fraud,' and the allegations must 'be specific enough to give defendants notice of the particular misconduct...so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.*

Finally, "[a]lthough pro se pleadings are to be construed liberally," a pro se plaintiff must nonetheless "present factual allegations sufficient to state a plausible claim for relief" under *Twombly* and *Iqbal*, such that a "court 'may not supply essential elements of the claim that were not initially [pleaded].'" *Reyes v. Wells Fargo Bank, N.A.*, 2019 WL 1861307, at *2 (C.D. Cal. Apr. 25, 2019). And when it comes to fraud, a "pro se plaintiff must still comply with Rule 9(b)." *Solano v. Affinia Default Servs., LLC*, 2018 WL 11310304, at *1 (C.D. Cal. July 17, 2018).

1

**ARGUMENT**

2    **I.    Plaintiff Fails to Satisfy His Pleading Burden.**

3          Plaintiff's allegations with respect to his theory of PCGS allegedly swapping

4    out his coins include, in their entirety: (i) "On or about August of 2022 Plaintiff sent a

5    set of original uncirculated coins with a face value of $250,000 for them to be

6    appraised and grade[d] for Plaintiff to sent to auction. They sent me back were

7    circulated coins with no value"; (ii) "Defendant has defrauded this Plaintiff intending

8    to replace coins of said value for a package of non valuable coins sent in return by

9    Defendant"; and (iii) "Defendant defrauded Plaintiff by illegal[ly] replacing coins sent

10   to them for grading." Compl. at 5; Doc. 1-1 at 1. That's the full extent of it.

11         The problem? The conclusory allegations in the Complaint have no factual

12   support and are simply implausible at their core. In order to meet his pleading burden

13   under *Twombly* and *Iqbal*, Plaintiff needed to allege "enough facts to state a claim to

14   relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But that has not

15   happened here. Take for instance Plaintiff's central claim that PCGS swapped his

16   submitted coins out for "coins with no value." Compl. at 5. As support, Plaintiff could

17   have attached to the Complaint photographs (which, by the way, PCGS has been

18   requesting from Plaintiff for well over a year) of (i) the alleged as-submitted coins to

19   show their purported value and (ii) the alleged as-received coins to highlight their

20   purported differences. He also could have included allegations contrasting identifying

21   features of the coins allegedly sent to PCGS versus the coins allegedly received from

22   PCGS. Or, at the very least, Plaintiff could have included basic descriptions of the as-

23   submitted coins and the as-received coins to add a shred of support for his allegations.

24   He could have included something—*anything*—to suggest that the coins sent in were

25   different from the ones sent back. But the Complaint includes none of that. And

26   without supporting facts, there is nothing to "nudge[] [the] claims…across the line

27   from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quotation marks omitted).

28         Indeed, Plaintiff tellingly chose not to provide *any* such supporting facts. So

4

1   based only on the limited allegations that have been included, it is implausible that a
2   well-established and legitimate business like PCGS pinched $250,000 in rare coins
3   and—in return—sent literal pocket change back to Plaintiff. *See Yagman v. Kelly*,
4   2018 WL 2138461, at *12 (C.D. Cal. Mar. 20, 2018) (dismissing fraud claim brought
5   by pro se plaintiff because, "without any supporting allegations of fact to suggest that
6   Plaintiff's version of events might be accurate, the Court finds it beyond implausible
7   that a multi-billion-dollar health insurance company and/or its employees engaged in
8   some concerted effort to trick Plaintiff into handing over [his insurance premiums] so
9   that they could abscond with that money"). In reality, the most specific facts alleged in
10  the entire Complaint are that PCGS purportedly has not "picked up Plaintiff['s] calls"
11  after the fact and has since "refused to provide [Plaintiff] with Bond information."
12  Compl. at 5-6. But those allegations have *nothing* to do with PCGS's alleged swap of
13  the coins and thus add zero support for Plaintiff's otherwise implausible allegations.

14       When considered against Rule 9(b)'s requirements, things go from bad to worse
15  for Plaintiff. "Averments of fraud must be accompanied by 'the who, what, when,
16  where, and how' of the misconduct charged." *Franco*, 644 F. Supp. 3d at 679. And yet
17  each of these elements is missing here in some respect. By way of illustration,
18  Plaintiff's allegations do not even attempt to identify (much less actually identify)
19  *who* at PCGS swapped out his coins, *what* coins were allegedly swapped, including
20  the coins' quantity, denomination, and dates, and *how* his as-submitted coins were
21  worth $250,000 rather than mere pennies. Rule 9(b) exists for cases like this, where
22  based on the allegations, there is no reason to believe that PCGS engaged in fraud.
23  Plaintiff has not met his pleading burden, and it is not a close call. The Complaint
24  should be dismissed. *See Akhtar v. Compound Labs, Inc.*, 2023 WL 8870134, at *4
25  (C.D. Cal. Nov. 6, 2023) (dismissing fraud claim brought by pro se plaintiff because
26  "the Complaint fail[ed] to allege the who, what, where, when, and how of any alleged
27  fraud by Defendant"); *Attili v. Bank of Am.*, 2016 WL 11741135, at *1-2 (C.D. Cal.
28  Dec. 13, 2016) (dismissing fraud claim brought by pro se plaintiff because the

complaint "fail[ed] to satisfy Rule 9(b)'s heightened pleading requirements by failing to identify the 'who, what, when, where, and how' of the alleged misconduct").

## II.    Plaintiff Fails to Allege the Required Elements for a Fraud Claim.

As important, Plaintiff also entirely omits key elements of a fraud claim. As a refresher, the "elements of a fraud...claim are: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud or induce reliance, (4) justifiable reliance, and (5) damage." *Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 574 (9th Cir. 2022) (citing *Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996)). "In California, every element of a cause of action for fraud must be alleged both factually and specifically, and the absence of one element will preclude recovery." *Mend Health, Inc. v. Carbon Health Techs., Inc.*, 588 F. Supp. 3d 1049, 1055 (C.D. Cal. 2022). Even a cursory review of the Complaint confirms that virtually none of these elements are alleged.

For starters, there are no allegations whatsoever concerning any alleged misrepresentations made by PCGS. Rather, in conclusory fashion, Plaintiff alleges only that PCGS "defrauded" him and employed a "fraudulent scheme." Compl. at 5-6. But that is not enough. Plaintiff's allegations never identify any specific representations—much less fraudulent misrepresentations—allegedly made by PCGS. And with no misrepresentation, there is no fraud claim. This pleading deficiency alone is fatal at the motion to dismiss stage. *See Doan v. Wells Fargo Bank N.A.*, 2012 WL 13028228, at *3 (C.D. Cal. Mar. 20, 2012) (dismissing fraud claim brought by pro se plaintiff because she "failed to identify any particular false representation").

Not surprisingly, Plaintiff also fails to adequately allege the scienter requirements, including PCGS's alleged knowledge of any false representation or intent to defraud Plaintiff. At best, Plaintiff alleges only that "Defendant defrauded this Plaintiff *intending* to replace coins of said value for a package of non valuable coins." Compl. at 5 (emphasis added). But adding the word "intending" cannot salvage a deficient fraud claim. *See Smith v. Simon*, 2023 WL 6193007, at *10 (C.D. Cal. Sept. 1, 2023) (dismissing pro se plaintiff's fraud claim when she had not

1   "alleged that [defendant] intended to defraud her, except in a conclusory allegation").

2       Finally, Plaintiff does not—and cannot—allege that he relied on any

3 representations from PCGS, let alone that such reliance was justifiable. This, too,

4 mandates dismissal of the Complaint. *See Velasco v. Specialized Loan Servicing LLC*,

5 2022 WL 19239735, at *5 (C.D. Cal. June 13, 2022) (dismissing fraud claim because

6 pro se plaintiff "fail[ed] to allege justifiable reliance on any of th[e] alleged

7 misrepresentations"); *Gilmore v. Am. Mortg. Network, Inc.*, 2012 WL 6193843, at *12

8 (C.D. Cal. Dec. 10, 2012) (dismissing fraud claim because pro se "plaintiff fail[ed] to

9 plead any justifiable reliance on defendants' purported fraud").

10       Separately, the Court should also dismiss Plaintiff's request for punitive

11 damages. The law does not recognize a standalone cause of action for punitive

12 damages. *See Irish v. Magnussen Home Furnishings, Inc.*, 2018 WL 6074530, at *7

13 (C.D. Cal. Apr. 24, 2018) ("Plaintiff's punitive damages claim cannot stand alone[.]").

14 In any case, "the claim for punitive damages falls with Plaintiffs' fraud claim."

15 *Hernandez v. Nissan N. Am., Inc.*, 2023 WL 3806377, at *7 (C.D. Cal. Mar. 29, 2023)

16 (dismissing claim for punitive damages).

17 <h2 style="text-align:center">CONCLUSION</h2>

18       For these reasons, PCGS respectfully requests that the Court dismiss the

19 Complaint in its entirety for failure to state a claim.

21 DATED:  February 22, 2024     JONATHAN D. PARENTE
22                           KATHY J. HUANG
                            **ALSTON & BIRD LLP**

24                           */s/ Kathy J. Huang*
                            Kathy J. Huang

25                             Attorney for Defendant
26                             COLLECTORS UNIVERSE, INC. d/b/a PCGS

DEFENDANT COLLECTORS UNIVERSE, INC.'S MOTION TO DISMISS