**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JOHN LEWIS,

Plaintiff,

v.

COLLECTORS UNIVERSE, INC. doing business as PCGS Service, and DOES 1-10 inclusive,

Defendants.

Case No. 8:23-cv-00661-JWH-JDE

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 23] AND STRIKING PLAINTIFF'S MOTION TO OPPOSE [ECF No. 29]**

Before the Court is the motion of Defendant Collectors Universe, Inc. to dismiss the Complaint of Plaintiff John Lewis.[1] Lewis belatedly opposed the Motion.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons detailed below, the Court **GRANTS** Collectors Universe's instant Motion and **DISMISSES** Lewis's Complaint **with leave to amend**.

## I. BACKGROUND

Lewis, proceeding *pro se*, filed his Complaint in this Court in April 2023.[3] Lewis's Complaint is outlined on a standardized form for the ***Southern*** District of California.[4] His "Statement of Claim" consists of three sentences:

> On or about August of 2022 Plaintiff sent a set of original uncirculated coins with a face value of $250,000 [to Defendant] for [the coins] to be appraised and grade for Plaintiff to sen[d] to auction. They sent [Plaintiff] back were circulated coins with no value and since then and after all [Plaintiff's] claims [Defendants] never picked up Plaintiff's calls or requests thereafter. This Plaintiff has complained with Federal Trade Commission and the State Attorney General.[5]

---

1 Def.'s Mot. to Dismiss (the "Motion") [ECF No. 23].

2 Pl.'s Mot. to Oppose the Motion (the "Opposition") [ECF No. 29].

3 Compl. (the "Complaint") [ECF No. 1]; *see* Order Granting Req. to Proceed *in Forma Pauperis* [ECF No. 8].

4 *See generally* Complaint.

5 *Id.* at 5.

It appears that Lewis is attempting to assert a claim for fraud.[6] As a remedy, Lewis seeks $250,000—the alleged value of his coins—plus punitive damages.[7]

Collectors Universe filed the instant Motion on February 22, 2024, and set it for hearing on March 29, 2024.[8] Collectors Universe argues that Lewis fails to state a claim for fraud.[9] The deadline for Lewis to oppose the Motion was March 8, 2024. *See* L.R. 7-9 (providing that the deadline to oppose a motion is 21 days before the date of the hearing). Lewis filed his Opposition, styled as a "Motion to Oppose the Motion to Dismiss," on March 25, 2024—more than two weeks late.[10] The Clerk entered a Notice of Deficiency with respect to Lewis's Opposition.[11]

## II. LEGAL STANDARD

### A. Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 2(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual

---

6 *See id.* at 5 (stating that the amount in controversy is "$250,000 as Defendant has defrauded this Plaintiff intending to replace coins of said value for a package of non valuable coins sent in return by Defendant").

7 *Id.* at 6.

8 *See generally* Motion.

9 *Id.*

10 *See generally* Opposition.

11 Notice to Filer of Deficiencies (the "Notice of Deficiency") [ECF No. 31].

allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the court can "infer more than the mere possibility of misconduct." *Id.* at 679.

Allegations of fraud require more detail. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under that standard, the complaint "must identify the who, what, when, where and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal citations omitted).

**B. Waived Arguments**

"[W]here a non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived." *Hartranft v. Encore Cap. Grp., Inc.*, 543 F. Supp. 3d 893, 913 (S.D. Cal. 2021); *see also Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) ("[T]he plaintiffs did not raise

that argument to the district court in their motion for summary judgment or opposition to the defendants' motion for summary judgment, so the argument was waived.").

**C. Rule 15(a)—Leave to Amend**

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

## III. ANALYSIS

As a preliminary matter, Lewis failed to oppose Collectors Universe's Motion by the deadline. *See* L.R. 7-9. Therefore, the Court finds that Lewis waived any opposition to the Motion. *See Hartranft*, 543 F. Supp. 3d at 913; *Pac. Dawn LLC*, 831 F.3d at 1178 n.7. Pursuant to the Notice of Deficiency, the Court **STRIKES** Lewis's Opposition.

Collectors Universe's Motion to dismiss also succeeds on the merits. The elements of a claim for common law fraud are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004); *see also Brown v. Bank of Am., N.A.*, 775 F. App'x 939 (9th Cir. 2019) (citing *Robinson* for the elements of fraud). "[A]lthough pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief." *Brown*, 775 F. App'x 939 (citing *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010)). Here, even construed liberally, Lewis's Complaint fails to plead any element of fraud except his

alleged damage. Thus, Lewis fails to state a claim, and Collectors Universe's Motion is **GRANTED**.

Because the Court must "freely give leave [to amend]," it dismisses Lewis's Complaint without prejudice. If Lewis decides to file an amended pleading, the Court **DIRECTS** the parties to file an updated Joint Rule 26(f) Report that includes all required elements (the Court notes that the Joint Rule 26(f) Report that the parties filed[12] is missing any requested dates, including the chart of those requested dates[13]).

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Collectors Universe's instant Motion to dismiss [ECF No. 23] is **GRANTED**. Lewis's "Motion to Oppose" [ECF No. 29] is **STRICKEN**.

2. Lewis's Complaint is **DISMISSED with leave to amend**.

3. Lewis is **DIRECTED** to file an amended pleading, if at all, no later than July 26, 2024. If Lewis fails to file his amended pleading by July 26, 2024, then the Court will **DISMISS** Lewis's Complaint **with prejudice**.

4. If Lewis filed an amended pleading by July 26, 2024, then:

   a. Collectors Universe is **DIRECTED** to file its response thereto no later than August 16, 2024;

   b. the parties are **DIRECTED** to file an updated Joint Rule 26(f) Report no later than August 30, 2024; and

---

12 *See* Joint Rule 26(f) Scheduling Conf. Report [ECF No. 26].

13 *See* Order Setting Scheduling Conf. [ECF No. 25] ¶ 18.

c. a Scheduling Conference is **SET** for September 13, 2024, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

Dated: July 8, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE